Citation Nr: 1434272 
Decision Date: 07/31/14 Archive Date: 08/04/14

DOCKET NO. 12-28 339 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to service connection for bilateral hearing loss. 


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

M. Mac, Counsel



INTRODUCTION

The Veteran served on active duty from September 1954 to March 1959. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2011 rating decision of a Regional Office (RO) of the Department of Veterans Affairs (VA). 

In February 2014 the Board remanded the issue of entitlement to service connection for bilateral hearing loss for further development. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2002).


FINDING OF FACT

Bilateral hearing loss is shown by the competent and credible evidence of record to be related to the Veteran's active military service.


CONCLUSION OF LAW

Bilateral hearing loss was incurred in service. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2002); 38 C.F.R. §§ 3.303, 3.385 (2013).


REASONS AND BASES FOR FINDING AND CONCLUSION

In light of the decision to grant service connection for bilateral hearing loss, VA's duties to notify and assist are deemed fully satisfied and there is no prejudice to the Veteran in proceeding to decide the issue on appeal. See 38 U.S.C.A. §§ 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159.

Generally, to prove service connection, a veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called "nexus" requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). This may be accomplished by affirmatively showing inception or aggravation during service. 38 C.F.R. 
§ 3.303(a). Continuity of symptomatology after discharge can substitute for nexus for a chronic disease, such as an organic disease of the nervous system (sensorineural hearing loss). 38 C.F.R. § 3.303(b); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). Service connection may also be granted for disability shown after service, when all of the evidence, including that pertinent to service, shows that it was incurred in service. 38 C.F.R. § 3.303(d). 

Impaired hearing is considered a disability for VA purposes when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels (dB) or greater or where the auditory thresholds for at least three of these frequencies are 26 dB or greater or when speech recognition scores are less than 94 percent. 38 C.F.R. § 3.385.

The Board finds that the weight of the evidence of record supports a finding of service connection for bilateral hearing loss. First, the Veteran has a diagnosis of sensorineural hearing loss in both ears and meets the criteria under 38 C.F.R. § 3.385 for bilateral hearing loss. See e.g. August 2011 VA Hearing Loss and Tinnitus Disability Benefits Questionnaire examination. 

Second, the Board finds the evidence of record indicates in-service noise exposure. Although the Veteran's DD 214 shows that he was an administrative clerk, the Veteran in October 2012 explained that during his service in the Air Force he participated in fire arms training and was exposed to jet aircraft noise without proper ear protection. He further stated that he served in Korea with the 58th fighter bomber wing. His explanation is consistent with his DD 214, which shows that during his active duty service from September 1954 to March 1959 he had over 11 months of foreign service. As such, the Board finds that exposure to acoustic trauma in service is consistent with the circumstances of his service. 38 U.S.C.A. 
§ 1154(a). 

Finally, throughout the appeal period the Veteran contends that he had hearing loss in service. For example, in the October 2012 statement the Veteran noted that his first experience with hearing problems occurred when he flew in a non-pressurized aircraft to Japan and back to Korea. In October 2012 the Veteran's spouse stated that his hearing acuity has been declining over the last 52 years since she has been with him. Thus the Board finds the Veteran's statements are competent and credible and uncontroverted by the other evidence of record. Layno v. Brown, 6 Vet. App. 465, 469-70 (1994); Caluza v. Brown, 7 Vet. App. 498, 511 (1995). Accordingly, the onset of the Veteran's bilateral hearing loss was during service and service connection is thus warranted. See Shedden, 381 F.3d at 1167.

The Board recognizes that there are unfavorable VA opinions dated in August 2011 and May 2014 whereby the examiners concluded that the Veteran's hearing loss was not related to service because he had normal hearing acuity on his separation examination from service. The Board notes that the absence of hearing loss disability in service is not in and of itself fatal to a claim for service connection for bilateral hearing loss. Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992). More importantly, as pointed out by the Veteran's representative, neither examiner adequately explained how the Veteran's in-service noise exposure was sufficient to cause the (service-connected) tinnitus but not the current hearing loss. In addition, the August 2011 examiner opined that the Veteran's tinnitus was a symptom associated with his hearing loss. The examiner in May 2014 also cited to medical literature for a similar proposition. As the Veteran reports that his tinnitus began during service, the medical opinions when read as a whole actually suggest that the Veteran's hearing loss started during service. Given the above, the portions of the VA examination reports indicating that the Veteran's current hearing loss is not related to service are given no probative weight. 

In summary, the Board finds that the evidence establishes that the Veteran was exposed to significant noise during service, has a current bilateral hearing loss disability, and has had continuity of symptomatology of that disability since service. Thus, service connection for bilateral hearing loss is warranted. 

ORDER

Service connection for bilateral hearing loss is granted. 




____________________________________________
Nathan Kroes
Acting Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs